UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME GIBSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-11281** |
| **WARDEN JASON KENT** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.    Factual and Procedural Background

The petitioner, Jerome Gibson ("Gibson"), is a convicted inmate incarcerated in the Louisiana State Police Barracks in Zachary, Louisiana.[2]  On June 15, 2012, Gibson was charged by Bill of Information in Orleans Parish with one count of being a felon in possession of a weapon and one misdemeanor count of aggravated assault.[3]  Gibson initially entered pleas of not guilty to the charges on July 24, 2012.[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 13.

[3] St. Rec. Vol. 1 of 3, Bill of Information, 6/15/12.

[4] St. Rec. Vol. 1 of 3, Minute Entry, 7/24/12.

Following the selection of several jurors for trial on January 14, 2014, Gibson withdrew his former pleas and entered pleas of guilty to each count, and immediately thereafter, as to the first count, he also pleaded guilty to the Multiple Bill filed that day by the State.[5] Pursuant to the habitual offender plea, the Trial Court sentenced Gibson on count one to serve 10 years in prison as a multiple offender without benefit of parole, probation, or suspension of sentence, and as to count two, six months in parish prison with additional fines.[6]

Gibson's convictions and sentences became final thirty (30) days later, on February 13, 2014, because he did not seek reconsideration of the sentence or move for leave to appeal. La. Code Crim. P. art. 914;[7] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

On August 20, 2014, Gibson filed a writ application in the Louisiana Fourth Circuit Court of Appeal, claiming that he had sent a motion to vacate his multiple offender sentence to the state trial court and the court had not issued a ruling.[8] Although the record contained no indication that anything was filed in the state trial court, the appellate court granted the writ application in part

---

[5]St. Rec. Vol. 1 of 3, Plea Minutes, 1/14/14; Sentencing Minutes, 1/14/14; Multiple Bill, 1/14/14; Waiver of Constitutional Rights - Plea of Guilty, 1/14/14; Waiver of Rights Plea of Guilty - Multiple Offender, 1/14/14; St. Rec. Vol. 2 of 3, Plea Transcript, 1/14/14.

[6]St. Rec. Vol. 1 of 3, Sentencing Minutes, 1/14/14; St. Rec. Vol. 2 of 3, Plea Transcript, 1/14/14.

[7]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[8]St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2014-K-0875, 8/20/14.

2

for the sole purpose of transferring it to the trial court for consideration.[9] The Trial Court summarily denied the motion on September 8, 2014.[10]

On review of that order on November 12, 2014, the Louisiana Fourth Circuit denied Gibson's writ application finding no error in the Trial Court's ruling and noting that "consideration of relator's claims is barred post-conviction," citing *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996) and La. Code Crim. P. art. 930.3.[11] Gibson sought review in the Louisiana Supreme Court and later voluntarily dismissed the writ application on February 11, 2015.[12]

On March 1, 2015, Gibson signed and submitted to the Trial Court another motion seeking correction of his multiple offender sentence.[13] The Trial Court denied the motion as meritless on April 6, 2015.[14] On May 26, 2015, the Louisiana Fourth Circuit denied Gibson's related writ application finding no error in the Trial Court's ruling.[15]

In the meantime, on April 6, 2015, Gibson filed another motion to correct his multiple offender sentence, which the Trial Court summarily denied on January 15, 2016.[16] On March 16, 2016, the Louisiana Fourth Circuit reviewed that order and provided Gibson with a lengthy

---

[9]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2014-K-0875, 9/2/14.

[10]St. Rec. Vol. 2 of 3, Minute Entry, 9/8/14.

[11]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2014-K-1135, 11/12/14; 4th Cir. Writ Application, 2014-K-1135, 10/10/14. The Court granted the writ in part for the purpose of transferring it to the Trial Court for consideration of his request for copies.

[12]St. Rec. Vol. 3 of 3, La. S. Ct. Letter, 2015-KH-0019, 2/11/15; Motion to Dismiss, 15-KH-19, 1/28/15 (dated 1/12/15); La. S. Ct. Writ Application, 15-KH-0019, 1/6/15 (dated 12/22/15).

[13]St. Rec. Vol. 2 of 3, Motion for Correction of an Illegal Sentence, dated 3/1/15.

[14]St. Rec. Vol. 2 of 3, Minute Entry, 4/6/15.

[15]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2015-K-0467, 5/26/15; 4th Cir. Writ Application, 2015-K-0467, 5/4/15 (dated 4/26/15); 4th Cir. Supplemental Writ Application, 2015-K-0467, 5/6/15.

[16]St. Rec. Vol. 2 of 3, Motion to Correct Illegal Sentence, 4/6/15 (see docket entry); Minute Entry, 1/15/16.

explanation of his case's procedural history and the Louisiana's habitual offender sentencing laws.[17] Ultimately, the Court determined that the sentence was legal and denied relief.

Undaunted, on June 9, 2016, Gibson returned to file with the Trial Court another motion to correct the sentence, which the Court summarily denied.[18] Gibson's interim application for writ of mandamus to compel a ruling on that motion was denied as moot by the Louisiana Fourth Circuit on September 6, 2016.[19] On October 3, 2016, the Louisiana Fourth Circuit denied Gibson's next writ application citing *Melinie* and *State v. Cotton*, 45 So.3d 1030 (La. 2010).[20]

While those matters were pending, the record reflects that on August 27, 2015, the state trial court received an application for post-conviction relief from Gibson in which he asserted, under a broad reading, that the State failed to prove that the guilty plea in the predicate offense used in the multiple bill was obtained by constitutional waiver of his rights and he was denied effective assistance of counsel during plea negotiations which led to his involuntary plea of guilty.[21] The Court summarily denied relief on August 27, 2015.[22]

On September 25, 2015, the Louisiana Fourth Circuit denied Gibson's related writ application finding no error in the Trial Court's ruling.[23] The Louisiana Supreme Court also denied

---

[17]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2016-K-0132, 3/16/16; 4th Cir. Writ Application, 2016-K-0132, 2/4/16 (dated 1/28/16).

[18]St. Rec. Vol. 2 of 3, Minute Entry, 8/18/16; Motion to Correct Illegal Sentence, 6/18/16.

[19]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2016-K-0857, 9/6/16; 4th Cir. Writ Application, 2016-K-0857, 8/6/16.

[20]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2016-K-0958, 4th Cir. Writ Application, 2016-K-0958, dated 9/9/16.

[21]St. Rec. Vol. 2 of 3, Minute Entry, 8/27/15; 4th Cir. Writ Application, 2015-K-0996, dated 9/3/15. The state court record does not include a copy of this pleading. The claims are outlined in Gibson's later writ application.

[22]St. Rec. Vol. 2 of 3, Minute Entry, 8/27/15.

[23]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2015-K-0996, 9/25/15; 4th Cir. Writ Application, 2015-K-0996, dated 9/3/15.

Gibson's subsequent writ application on November 29, 2016, holding that sentencing issues were not cognizable on post-conviction review, citing La. Code Crim. P. art. 930.3, *Melinie*, *Cotton*, and *State v. Thomas*, 19 So.3d 466 (La. 2009).[24] The Court also decreed that Gibson had fully litigated his post-conviction relief and exhausted his right to any further state collateral review.

Unpersuaded, Gibson returned to the Trial Court on January 20, 2017, to file another motion to correct his multiple offender sentence.[25] The Trial Court summarily denied the motion as meritless.[26] On March 8, 2017, the Louisiana Fourth Circuit denied Gibson's related writ application as procedurally improper recognizing that the Louisiana Supreme Court had already decreed that Gibson had exhausted his right to state collateral review.[27]

On September 6, 2017, the Louisiana Supreme Court denied his writ application and repeated the admonishment that Gibson already had exhausted post-conviction review. The Court held that there was no error to denial of the motion as a motion to correct; alternatively, there was no error to denial of relief if the motion was construed as a post-conviction application because the claims were not proper for post-conviction review, citing La. Code Crim. P. art. 930.3, *Melinie*, and *Cotton*, and the application was repetitive under La. Code Crim. P. art. 930.4.[28]

---

[24]*State ex rel. Gibson v. State*, 207 So.3d 396 (La. 2016); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2015-KH-1857, 11/29/16; La. S. Ct. Writ Application, 15-KH-1857, 10/21/15 (dated 10/5/15).

[25]St. Rec. Vol. 2 of 3, Motion to Correct an Illegal Sentence, dated 1/20/17.

[26]St. Rec. Vol. 2 of 3, Minute Entry, 1/31/17.

[27]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2017-K-0138, 3/8/17; 4th Cir. Writ Application, 2017-K-0138, 2/14/17 (dated 2/6/17).

[28]*State ex rel. Gibson v. State*, 225 So.3d 1065 (La. 2017); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2016-KH-0712, 9/6/17; La. S. Ct. Writ Application, 16-KH-712, 4/18/16 (dated 4/11/16).

In the meantime, on March 17, 2017, Gibson again returned to the Trial Court with a motion to vacate his illegally lenient habitual offender sentence.[29] The Trial Court denied the motion as moot in light of its prior rulings on similar motions.[30] The Louisiana First Circuit denied Gibson's related writ application on July 7, 2017, because he had already exhausted post-conviction review.[31] The appellate court's ruling was addressed in the Louisiana Supreme Court's September 6, 2017, denial of Gibson's writ application, 2016-KH-0712, referenced above.[32]

## II. Federal Habeas Petition

On November 3, 2017, after correction of certain deficiencies, the clerk of this Court filed Gibson's petition for federal habeas corpus relief which asserted three grounds for relief:[33] (1) the State failed to produce proof in support of the multiple bill; (2) he received ineffective assistance of counsel during the multiple offender proceeding; and (3) the allegations in the multiple bill were vague and undisclosed when the stipulation of guilt was entered.

The State filed an answer and memorandum in opposition to the petition conceding that the petition was timely filed and review of the claims was exhausted.[34] The State argues, however, that federal review of Gibson's claims is barred as they are procedurally defaulted.

---

[29] St. Rec. Vol. 2 of 3, Motion to Vacate, 3/17/17.

[30] St. Rec. Vol. 2 of 3, Minute Entry, 6/12/17.

[31] St. Rec. Vol. 2 of 3, 4th Cir. Order, 2017-K-0536, 7/7/17; 4th Cir. Writ Application, 2017-K-0536, 6/26/17 (dated 6/18/17).

[32] *Gibson*, 225 So.3d at 1065; St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2016-KH-0712, 9/6/17.

[33] Rec. Doc. No. 3.

[34] Rec. Doc. No. 3.

### III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[35] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on October 22, 2017.[36] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes the timeliness of the petition and exhaustion of state court review. The State asserts, however, that Gibson's claims are in procedural default based on the state court imposed procedural bar to review of the claims. The Court finds that Gibson's petition must be dismissed with prejudice for that reason.

### IV. Procedural Default

Under a broad reading, Gibson challenges his multiple offender proceeding on grounds that there was insufficient proof and he received ineffective assistance of counsel, which led to his

---

[35]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[36]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Gibson's original deficient petition on October 27, 2017, when it was received, and opened the matter on November 3, 2017, when he paid the filing fee. Gibson dated his signature on the original complaint on October 22, 2017, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

involuntary or unknowing entry of a guilty plea to the multiple bill.  In reviewing these claims, the Louisiana Supreme Court procedurally barred consideration under La. Code Crim. P. art. 930.3 and *Melinie*, which prohibit consideration of sentencing issues on post-conviction review, including claims of ineffective assistance of counsel during sentencing.  The Louisiana Supreme Court extended the procedural bar to multiple offender proceedings in *Cotton* and *Thomas*, which the Court also cited as grounds to bar review of Gibson's post-conviction claims.

The Court finds that Gibson's claims are therefore in procedural default and barred from review in this federal habeas court for the reasons that follow.

      **A.**      <u>**Independent and Adequate State Ground**</u>

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 & n.15 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)).  The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review.  *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338.  This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.  Federal review is barred even if the state court alternatively address the merits.  *See Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Harris*, 489 U.S. at 264 n.10).

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural grounds that bars review of the claim. *Amos*, 61 F.3d at 338. The state-law ground may be a substantive rule dispositive of the case or a procedural bar to adjudication of the claim on the merits. *See Wainwright v. Sykes*, 433 U.S. 72, 81-82, 90 (1977). The question of the adequacy of a state procedural bar is itself a federal question. *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 315-17 (2011); *Glover*, 128 F.3d at 902. A state procedural rule, however, "can be 'firmly established' and 'regularly followed,'-- even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard*, 558 U.S. at 60 (citations omitted).

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)) (citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); accord *Turner v. Johnson*, 46 F. Supp. 2d 655, 674 (S.D. Tex. 1999). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *See Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985) and *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)). In keeping with this, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094, at *4 n.2 (N.D. Ill. July 18, 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, federal courts need not honor that bar. *See e.g., Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164, at *4 & n.10 (N.D. Tex. May 30, 2001); *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. Dec. 5, 2011); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. Jul. 20, 1999). However, it is not within the federal court's province to disagree with the application of the bar; it is only to determine its adequacy. *Lee v. Cain*, No. 03-2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.) (art. 930.3 applied to bar ineffective assistance of counsel claim). Thus, where such a foundation and basis does exist, as it does in this case, the bar must stand.

The Louisiana Supreme Court expressly imposed the bar to post-conviction review of Gibson's claims pursuant to La. Code Crim. P. art. 930.3, *Melinie*, *Cotton*, and *Thomas*. In *Melinie*, the Louisiana Supreme Court ruled that, based on Article 930.3, claims of errors in sentencing which must be raised on direct appeal are not proper grounds for post-conviction review. The Louisiana Supreme Court extended this bar to include challenges to multiple offender proceedings and sentences, including claims of ineffective assistance of counsel during sentencing. *Thomas*, 19 So.3d at 466. In *Cotton*, also cited by the court, the Louisiana Supreme Court explained that under Louisiana law "an habitual offender adjudication ... constitutes sentencing for purposes of *Melinie* and La. C. Cr. P. art. 930.3, which provides no vehicle for post-conviction

10

consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence." *Cotton*, 45 So.3d at 1030.

The federal courts have repeatedly held that La. Code Crim. P. art. 930.3, as interpreted by *Melinie*, *Cotton*, and *Thomas*, are independent and adequate state grounds for dismissal barring federal habeas corpus review. *See*, *e.g.*, *Hull v. Stalder*, 234 F.3d 706, 2000 WL 1598016, at *1 (5th Cir. Sep. 28, 2000) (Table, Text in Westlaw) (recognizing Art. 930.3 and *Melinie* to be independent and adequate state grounds); *Reavis v. Hedgeman*, Civ. Action No. 15-1982, 2015 WL 7307329, at *6-7 (E.D. La. Nov. 6, 2015) (article 930.3, *Melinie*, and *Cotton* are "independent" and "adequate"), *adopted*, 2015 WL 7306440 (E.D. La. Nov. 19, 2015); *Thornton v. Rogers*, No. 14-1243, 2015 WL 1012997, at *1 (E.D. La. Mar. 5, 2015)  (Article 930.3, *Melinie*, *Cotton*, and *Thomas* are "independent" and "adequate") (order adopting report and recommendation); *Williams v. Vannoy*, No. 14-1914, 2015 WL 3505116, at *6-7 (E.D. La. June 3, 2015) (same); *Williams v. Strain*, Civ. Action No. 13-2998, 2014 WL 5305634, at *5-6 (E.D. La. Oct. 15, 2014) (same); *Johnson v. Cain*, No. 12-0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012) (same); *Evans v. Cain*, No. 11-2584, 2012 WL 2565008, at *6-8 (E.D. La. Mar. 14, 2012) (same), *adopted*, 2012 WL 2565001, at *1 (E.D. La. July 2, 2012).  Similarly, the Court finds that the bar imposed under Article 930.3, *Melinie*, *Cotton*, and *Thomas* is an independent and adequate bar to review of the merits of Gibson's claims.

The state court's ruling was based on Louisiana law establishing the procedural requirements for the presentation of post-conviction claims, including challenges to the multiple offender proceedings and sentence and the assistance of counsel during those proceedings. *See Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (state courts' clear reliance on state procedural rule is determinative of the issue).  The state court's reasons for dismissal of Gibson's claims

11

related to his habitual offender proceeding and sentencing were independent of federal law and adequate to bar review of his claims in this federal habeas court.

### B. Cause and Prejudice

A federal habeas petitioner may be excused from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *see Engle v. Isaac*, 456 U.S. 107, 128-29 & n.33 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486. Petitioner has not asserted, and the Court's review of the record does not support a finding, that any factor external to the defense prevented him from raising the claim in a procedurally proper manner. The record also does not reflect any action or inaction by the State which prevented him from doing so.

The Court further finds that the narrow exception created by the United States Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012), does not provide cause to overcome the bar to review of Gibson's ineffective assistance of counsel claims. In *Martinez*, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" (emphasis added) *Trevino v. Thaler*, 569 U.S. 413, 417 (2013) (quoting *Martinez*, 566 U.S. at 13). In *Trevino*, the

Court emphasized that the *Martinez* exception also applies when a state's procedures make unlikely a meaningful review of an ineffective assistance of trial counsel claim on direct appeal and defers that review to collateral proceedings. *Trevino*, 569 U.S. at 417.

Unlike the claims and review procedures addressed in *Martinez* and *Trevino*, Louisiana law did not bar Gibson from asserting his ineffective assistance of counsel claim regarding the habitual offender proceeding on direct appeal; nor did it defer meaningful review of the claim to the collateral review process. Instead, the opposite is true; Louisiana law required Gibson to assert his claim of ineffective assistance of counsel during the habitual offender proceeding and sentencing in a direct appeal or be barred from review if the claim was later asserted in a post-conviction collateral review.

As outlined above, Louisiana's well-settled doctrine under La. Code Crim. P. art. 930.3, and *Melinie* and its progeny, prohibit post-conviction review of challenges to all sentencing errors, including those asserting ineffective assistance of counsel during sentencing and multiple offender proceedings. *Cotton*, 45 So.3d at 1030; *State v. Nelson*, No. 2010-KA-1445, 2011 WL 9165413, at *1 (La. App. 4th Cir. Apr. 27, 2011); *Thomas*, 19 So.3d at 466; *State v. Dauzart*, 89 So.3d 1214, 1222 (La. App. 4th Cir. 2012) (ineffective assistance of counsel for failure to object to the failure to file the multiple bill into the record "must be addressed on appeal because sentencing errors are not reviewable post-conviction."); *State v. Jones*, 80 So.3d 500, 502 (La. App. 2d Cir. 2011) (same); *see also*, *Wallace v. Cain*, No. 06-11271, 2009 WL 3367052 at *14 (E.D. La. Oct. 15, 2009) (claim of ineffective assistance of counsel during habitual offender proceeding must be raised on direct appeal) (order adopting report and recommendation). Instead, Louisiana law requires that these claims be asserted and considered in a direct appeal. *Cotton*, 45 So.3d at 1031 (citing La. Code Crim. P. art. 912(C)(1)); *Nelson*, 2011 WL 9165413, at *1 (review of ineffective

13

assistance of counsel at sentencing is to be considered on direct appeal since it is not available on post-conviction); *State v. Smith*, 734 So.2d 826, 834-835 (La. App. 4th Cir. 1999) (sentencing related ineffective assistance of counsel considered on direct appeal); *State v. Burns*, 723 So.2d 1013, 1016-1017 (La. App. 4th Cir. 1998) (same); *see also*, *Cotton v. Cooper*, No. 11-0231, 2011 WL 5025311, at *11 (E.D. La. Sep. 14, 2011) ("Sentencing issues, including claims of ineffective assistance of counsel during sentencing, may be challenged in state court via direct appeal."), *adopted*, 2011 WL 5025295, at *1 (E.D. La. Oct. 21, 2011).

Thus, Louisiana law required Gibson to assert his claims of ineffective assistance of counsel at the multiple offender proceeding and sentencing on direct appeal, which he did not do. This procedural requirement renders unavailable *Martinez*'s equitable relief applicable to collateral review proceedings. *See Williams*, 2014 WL 5305634, at *7-8; *Hughes v. Keith*, No. 12-2841, 2014 WL 67587, at *12-13 (E.D. La. Jan. 8, 2014) (order adopting report and recommendation), *affirmed*, 647 F. App'x 292 (5th Cir. 2016); *Holmes v. Cooper*, No. 12-1350, 2013 WL 694073, at *10-11 (E.D. La. Jan. 22, 2013) (direct appeal not collateral review was the petitioner's initial opportunity to raise his claim of ineffective assistance of counsel at the multiple bill proceeding), *adopted*, 2013 WL 695352, at *1 (E.D. La. Feb 26, 2013).

*Martinez* itself was clear that its narrow exception applies only when "the State barred the defendant from raising the claims on direct appeal." *Martinez*, 566 U.S. at 17; *cf.*, *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012). That simply is not the case here. Unlike the situations addressed in *Martinez* and *Trevino*, there are no state laws prohibiting Gibson from asserting on direct appeal his claims of ineffective assistance of counsel during the multiple offender proceeding and sentencing (or rendering review of those claims unlikely on direct

appeal). Had Gibson done so, review of the claims would not have been barred under La. Code Crim. P. art. 930.3 and related case law.

*Martinez* and *Trevino* do not undermine the procedural bar imposed upon Gibson's post-conviction claims for ineffective assistance of counsel during the multiple bill proceeding and sentencing. Louisiana law did not bar and indeed required him to raise the claim on direct appeal, which he did not do. The requirement that he assert the claim on direct appeal, and without excuse for his failure to do so, precludes the equitable relief provided in *Martinez* and does not provide cause to excuse the procedural default of his claims. *See Holmes*, 2013 WL 694073, at *12.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43). Petitioner's defaulted claim is therefore procedurally barred from review by this federal habeas corpus court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded where petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).

Having failed to show an objective cause for his default, the Court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474, 477-78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

### C.     **Fundamental Miscarriage of Justice**

Gibson may avoid this procedural bar only when a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, a petitioner

must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 & n.33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Gibson does not present any claim, and the record contains nothing, to suggest or establish his actual innocence. His claims instead address alleged procedural and evidentiary errors and not his actual innocence. He fails to present any evidence or argument of the kind of actual innocence that would excuse the procedural default. He, therefore, has failed to overcome the procedural bar to his claims, which should be dismissed with prejudice as procedurally barred.

## V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Jerome Gibson's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[37]

New Orleans, Louisiana, this  16th  day of July, 2018.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**KAREN WELLS ROBY**
　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[37]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.