UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JEROME GIBSON, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 17-11281 |
| JASON KENT, WARDEN, | SECTION: "E" (4) |
| Defendant | |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by the Magistrate Judge recommending the petition for federal habeas corpus relief filed by Petitioner Jerome Gibson be denied and dismissed with prejudice.[1] Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[2] As stated below, the Court declines to adopt the reasoning of the Report and Recommendation. For the reasons that follow, the Court **DENIES** and **DISMISSES WITH PREJUDICE** Petitioner's application for relief.

## BACKGROUND

Petitioner is incarcerated at the Louisiana State Police Barracks in Zachary Louisiana.[3] On June 15, 2012, Petitioner was charged by a bill of information in Orleans Parish Criminal District Court to one count of being a felon in possession of a weapon and one misdemeanor count of aggravated assault.[4] The predicate felony for Count 1 was listed

---

[1] R. Doc. 15. This Order refers to documents on this Court's CM/ECF docket as "R. Doc. [#]" and refers to the three-volume paper docket as "R. Vol. [#]." Volume 1 contains the record for case number 512-137 in Orleans Parish Criminal Distirct Court, Volume 2 contains the records for writ actions in the Louisiana Fourth Circuit Court of Appeal, and Volume 3 contains the records for writ actions in the Louisiana Supreme Court.
[2] R. Doc. 16.
[3] R. Doc. 13.
[4] R. Vol. 1, Bill of Information, 6/15/12.

1

as "manslaughter in case number 387-432 'D' in the Criminal District Court for the Parish of Orleans."[5] Petitioner pleaded not guilty on July 24, 2012.[6] On January 14, 2014, Petitioner withdrew his not-guilty pleas and entered pleas of guilty as to both counts.[7] The same day, the state filed a multiple bill stating Petitioner had pleaded guilty to possession with intent to distribute cocaine in case number 358-421.[8] Petitioner pleaded guilty and was sentenced to ten years in prison without the benefit of parole, probation, or suspension of sentence as to Count One, and six months in parish prison as to Count Two.[9] Petitioner also executed a waiver of constitutional rights in connection with his guilty plea and a waiver of rights in connection with the multiple bill.[10] The latter listed him as a double offender and stated that his sentencing range was ten to forty years and he would receive a sentence of ten years.[11] Petitioner did not move for reconsideration of the sentence or for leave to appeal.

On August 20, 2014, Gibson filed a *pro se* writ application in the Louisiana Fourth Circuit Court of Appeal asserting he had sent a motion to vacate his multiple offender sentence to the trial court.[12] The Fourth Circuit transferred the motion to the trial court, which denied the motion on September 8, 2014.[13] On review, the Fourth Circuit denied Petitioner's writ.[14] Petitioner filed an application for a writ of certiorari to the Louisiana Supreme Court, which he subsequently withdrew.[15] Petitioner filed several other *pro se*

---

[5] *Id.*
[6] R. Vol. 1, Minute Entry, 7/24/12.
[7] R. Vol. 1, Minute Entry, 1/14/14.
[8] *Id.*
[9] *Id.*
[10] R. Vol. 1, Waivers of Rights.
[11] *Id.*
[12] R. Vol. 2, Writ Application 2014-K-0875.
[13] R. Vol. 2, Minute Entry, 9/8/14.
[14] R. Vol. 2, Order, 2014-K-1135.
[15] R. Vol. 3, Letter, 2015-KH-0019.

post-conviction motions at the trial court and related writ applications to the Louisiana Fourth Circuit, which all were denied.[16]

In one of Petitioner's motions, he asserted he was denied effective assistance of counsel during plea negotiations.[17] The trial court denied the motion, and the Fourth Circuit affirmed.[18] On November 29, 2016, the Louisiana Supreme Court affirmed, holding the "sentencing claims are not cognizable on collateral review" and that the application for post-conviction relief was fully litigated in state court.[19]

Petitioner timely filed a *pro se* application for a writ of habeas corpus in this Court on October 27, 2017.[20] In his petition, he claims (1) the state did not meet its burden of providing evidence in support of his multiple bill and (2) Petitioner's counsel was constitutionally ineffective during plea negotiations.[21] Respondent Jason Kent, Warden of the Dixon Correctional Institute, opposes.[22]

On July 16, 2018, the Magistrate Judge issued a report and recommendation finding Petitioner's claims were procedurally defaulted and are barred under an independent and adequate state ground, and Petitioner had not shown cause and prejudice or a fundamental miscarriage of justice sufficient to excuse the procedural default.[23] On July 31, 2018, Petitioner timely filed a *pro se* objection to the portion of the

---

[16] *See generally* R. Vol. 2.
[17] R. Vol. 2, Minute Entry, 8/27/15.
[18] R. Vol. 2, Order, 2015-K-996.
[19] *State ex rel. Gibson v. State*, 2015-1857 (La. 11/29/16), 207 So. 3d 396 (citations omitted).
[20] R. Doc. 1.
[21] R. Doc. 3-1 at 4–21. The Court notes the Magistrate Judge stated Petitioner also asserted "the allegations in the multiple bill were vague and undisclosed when the stipulation of guilt was entered." R. Doc. 15 at 6. This Court finds the petition does not clearly state this third ground independently from the first ground. To the extent Petitioner argues the allegations were vague and undisclosed, the Court considers this argument in connection with the argument regarding the State's evidence in support of the bill.
[22] R. Doc. 12.
[23] R. Doc. 15.

Report and Recommendations dealing with his ineffective assistance of counsel claim.[24] He appears to argue that his counsel was ineffective by allegedly failing to realize there was insufficient evidence to prove the predicate offense that was the basis of his habitual offender bill.[25]

## **LEGAL STANDARD**

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[26] As to the portions of the report that are not objected to, the Court need only determine whether these portions are clearly erroneous or contrary to law.[27]

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"[28] "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits."[29] A federal habeas petitioner may be excepted from the procedural default rule if he "can establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or that the failure to consider his claims would result in a fundamental miscarriage of justice because he is 'actually innocent' of the offense underlying his conviction."[30]

---

[24] R. Doc. 16.
[25] *Id.* at 2.
[26] 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[27] *Id.*
[28] *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).
[29] *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citing *Wainwright v. Sykes*, 433 U.S. 72, 81–82 (1977)).
[30] *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir.2012) (citations omitted).

## ANALYSIS

**I.     Procedural Default: Independent and Adequate State Law Grounds**

Petitioner argues his trial counsel was constitutionally ineffective.[31] He did not file a direct appeal in this case. The first time he raised a claim for ineffective assistance of trial counsel was during postconviction proceedings.[32] The Louisiana Supreme Court found this argument was procedurally defaulted because Petitioner failed to raise the argument on direct appeal.[33] In its ruling, the Louisiana Supreme Court relied on the Louisiana Code of Criminal Procedure and on Louisiana Supreme Court cases holding that "ineffective assistance of counsel at [an] habitual offender adjudication is not cognizable *on collateral review* so long as the sentence imposed by the court falls within the range of the sentencing statutes."[34] The Magistrate Judge found this procedural default bars federal habeas review because it rests on a state law ground that is independent of federal law and adequate to support the judgment.[35] Petitioner objects.[36]

This Court first addresses whether the state court decisions in this case were based on state law grounds independent of federal law. "Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court rendering a judgment in the case has 'clearly and expressly' indicated that its judgment is independent of federal law, e.g., rests on a state procedural bar."[37] In this case, in holding that Petitioner's claims were procedurally defaulted, the Louisiana Supreme Court relied on article 930.3 of the Louisiana Code of Criminal Procedure and the Louisiana Supreme

---

[31] R. Vol. 3-1.
[32] R. Vol. 2, Minute Entry, 8/27/15.
[33] 207 So. 3d at 396.
[34] *State v. Cotton*, 09-2397 (La. 10/15/10), 45 So.3d 1030, 1031 (emphasis added).
[35] R. Doc. 15 at 8–12.
[36] R. Doc. 16.
[37] *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).

Court's prior decisions in *State ex rel. Melinie v. State*,[38] *State v. Cotton*,[39] and *State v. Thomas*.[40] Article 930.3 enumerates grounds on which postconviction relief may be granted, including that a conviction "was obtained in violation of the constitution of the United States," but does not list sentencing error claims.[41] In *Melinie*, the Louisiana Supreme Court held the article "provides no basis for review of claims of excessiveness or other sentencing error post-conviction."[42] In *Cotton*, the Louisiana Supreme Court expanded *Melinie* to hold that "[a]n habitual offender adjudication thus constitutes sentencing for purposes of *Melinie* and La.C.Cr.P. art. 930.3," and, as a result, a claim of "ineffective assistance of counsel at [an] habitual offender adjudication is not cognizable on collateral review so long as the sentence imposed by the court falls within the range of the sentencing statutes."[43] *Thomas* stands for the same proposition.[44] The Louisiana Supreme Court decision, which was the last state court judgment in this case, clearly and expressly indicated its judgment rested on a state procedural bar requiring that claims of ineffective assistance of counsel with respect to sentencing must be revised on direct appeal.

This Court turns to whether the Louisiana procedural bar is adequate to support the judgment. "The question whether a state procedural ruling is adequate is itself a question of federal law. This Court has framed the adequacy inquiry by asking whether

---

[38] 93-1380 (La. 1/12/96), 665 So.2d 1172.
[39] 45 So.3d 1030.
[40] 08–2912, (La. 10/16/09), 19 So.3d 466.
[41] LA. CODE CRIM. PROC. art. 930.3.
[42] 665 So.2d at 1172.
[43] 45 So.3d at 1030, 1031. Although a claim for ineffective assistance of counsel is a federal constitutional claim, the Louisiana Supreme Court appears to carve out an exception to article 930.3 by precluding prisoners seeking postconviction relief from raising claims for ineffective assistance of counsel in connection with sentencing and postconviction proceedings.
[44] 19 So.3d at 466.

6

the state rule was 'firmly established and regularly followed.'"[45] Louisiana state courts regularly apply the procedural bar on raising sentencing-related issues on post-conviction review so long as the sentence imposed by the court falls within the range of the sentencing statutes.[46] As a result, this Court finds Petitioner's claims related to ineffective assistance of counsel are procedurally defaulted because he has failed to comply with Louisiana procedural rules requiring him to raise such arguments on direct appeal.

## II. Cause and Prejudice

In Petitioner's objection to the Magistrate Judge's Report and Recommendation, he argues his trial counsel was constitutionally ineffective in failing to investigate the allegations in the multiple bill.[47] The Court turns to whether Petitioner is excepted from the bar on procedurally defaulted claims because he has established there was cause for the default of his ineffective-assistance-of-counsel claim and actual prejudice resulted from the alleged ineffective assistance of counsel.

### A. United States Supreme Court standard for establishing cause under *Martinez* and *Trevino*

To establish cause, a federal habeas petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[48] The United States Supreme Court has addressed the standard for establishing cause in cases in which federal habeas petitioners defaulted claims for ineffective assistance of trial counsel by failing to raise them on state postconviction review in three cases: *Coleman v. Thompson*, in which it laid out the general rule;[49]

---

[45] *Beard*, 558 U.S. at 53–54 (citing *Lee v. Kemna,* 534 U.S. 362, 375–76 (2002)).
[46] *See Hughes v. Keith*, No. CIV.A. 12-2841, 2014 WL 67587, at *7 (E.D. La. Jan. 8, 2014) (Barbier, J.), *aff'd sub nom. Hughes v. Morgan*, 647 F. App'x 292 (5th Cir. 2016) (collecting cases).
[47] R. Doc. 16.
[48] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[49] 501 U.S. 722 (1991).

7

*Martinez v. Ryan*, in which it created a "narrow exception" to the holding of *Coleman v. Thompson*;[50] and *Trevino v. Thaler*, in which it expanded the *Martinez* exception.[51]

In *Coleman v. Thompson*, the petitioner filed a late application for state post-conviction review, thereby procedurally defaulting his claims for ineffective assistance of counsel during trial, sentencing, and appeal.[52] He argued there was cause for his procedural default because his late filing was a result of error by his attorney on post-conviction review.[53] The United States Supreme Court held that, because there is a constitutional right to appointed counsel on direct appeal in state court, attorney error on direct appeal constitutes cause sufficient to excuse a procedural default when that attorney error itself constitutes ineffective assistance of counsel.[54] However, because there is no constitutional right to appointed counsel in state post-conviction review proceedings, the Court held any attorney error on post-conviction review cannot constitute cause to excuse a procedural default, including default of a claim for ineffective assistance of trial counsel.[55]

In *Martinez*, the United States Supreme Court created a "narrow exception" to the holding of *Coleman v. Thompson*.[56] Arizona law required the habeas petitioner in *Martinez* to raise a claim of ineffective assistance of trial counsel not on appeal, but rather during state collateral proceedings.[57] The petitioner's counsel on post-conviction relief was ineffective and defaulted his claim for ineffective assistance of trial counsel.[58] The

---

[50] 566 U.S. 1, 9 (2012).
[51] 569 U.S. 413 (2013).
[52] 501 U.S. at 755.
[53] *Id.*
[54] *Id.* at 754.
[55] *Id.* at 757.
[56] 566 U.S. 1, 9 (2012).
[57] *Id.* at 6 (citing *State v. Spreitz*, 39 P.3d 525, 527 (Az. 2002)).
[58] *Id.*

Court noted that, when a state "deliberately choos[es] to move trial-ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims."[59] The Court also noted ""to present a claim of ineffective assistance at trial in accordance with the State's procedure, then, a prisoner likely needs an effective attorney.[60] The Court created an exception to the general rule by holding that ineffectiveness of postconviction counsel does not constitute relief in cases in which:

> (1) the claim of ineffective assistance of trial counsel was a substantial claim;
> (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding;
> (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and
> (4) state law *requires* that an ineffective assistance of trial counsel claim be raised in an initial-review collateral proceeding.[61]

In *Trevino*, Texas law permitted the habeas petitioner in *Trevino* to raise a claim for ineffective assistance of trial counsel on direct review, but provided only thirty days from sentencing to move for a new trial to develop the record on appeal, rendering it "'virtually impossible for appellate counsel to adequately present an ineffective assistance of trial counsel claim' on direct review."[62] The Court held that, "as a systematic matter, Texas [does not] afford[] meaningful review of a claim of ineffective assistance of trial counsel" on direct appeal.[63] The Court found, "were [the exception in] *Martinez* not to

---

[59] *Id.*
[60] *Id.* at 12.
[61] *Trevino*, 569 U.S. at 423 (citing and summarizing *Martinez*, 566 U.S. at 17) (internal brackets, quotations, and ellipsis omitted).
[62] *Id.* (quoting *Robinson v. State*, 16 S.W.3d 808, 810–811 (Tex. Crim. App.2000)).
[63] *Id.* at 424.

apply, the Texas procedural system would create significant unfairness."[64] The Court expanded the *Martinez* exception to include cases in which the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."[65]

### B. Fifth Circuit Application of *Trevino* to Claims by Louisiana Prisoners

In *Coleman v. Goodwin*, a Louisiana defendant who pleaded guilty to manslaughter claimed that his counsel in post-conviction proceedings was ineffective in failing to establish ineffective assistance of trial counsel.[66] The Fifth Circuit found his claims were procedurally defaulted, but also found an exception applied.[67] The court found that, because of the similarities between the Louisiana procedural requirements for direct appeal and the Texas requirements analyzed by the Supreme Court in *Trevino*, "Louisiana's procedural system 'makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of [ineffective assistance of trial counsel] on direct appeal.'"[68] As a result, the Fifth Circuit held that "Louisiana prisoners may benefit from the *Martinez/Trevino* rule" and establish cause if they also show a substantial claim of ineffective assistance of trial counsel and ineffective assistance of counsel on postconviction review.[69]

---

[64] *Id.* at 425.
[65] *Id.* at 429.
[66] 833 F.3d 537, 539 (5th Cir. 2016)
[67] *Id.* at 541.
[68] *Id.* at 543 (quoting *Trevino*, 569 U.S. at 429).
[69] *Id.*

10

## C. Application of *Martinez* and *Trevino* to the Instant Case

In this case, the Court must determine whether, under the *Martinez/Trevino* rule, Petitioner can establish cause for his procedural default because Louisiana's system makes it highly unlikely he would have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal. Louisiana law requires defendants to raise claims of ineffective assistance of trial counsel in connection with habitual offender proceedings on direct appeal.[70] Regardless of whether a defendant raises the issue on direct appeal, a Louisiana court *cannot* grant postconviction relief because of ineffective assistance of trial counsel in connection with habitual offender proceedings.[71]

The Fifth Circuit held in *Coleman v. Goodwin* that Louisiana's procedural system makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.[72] Because defendants cannot raise a claim of ineffective assistance of trial counsel in connection with a habitual offender proceeding on postconviction review, Louisiana's procedural system makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise such a claim in *any* state court proceeding. In *Trevino* and in *Coleman v. Goodwin*, the Supreme Court and the Fifth Circuit found petitioners may establish cause in cases in which they were not permitted to raise their ineffective assistance of trial counsel claims on state postconviction review. In the instant case, Petitioner *was not permitted* to raise his claim on state postconviction review. *Martinez* and *Trevino* require this Court to hold that, when a Louisiana prisoner seeking federal habeas relief asserts a claim of ineffective assistance of trial counsel in connection with a

---
[70] *Cotton*, 45 So. 3d at 1031.
[71] *Id.*
[72] 833 F.3d at 543.

habitual offender proceeding, the prisoner may establish cause for procedural default of the claim if he or she meets the other prong of the *Martinez* test, namely, that the claim is substantial.[73]

In holding the *Martinez/Trevino* exception applies, the Court declines to adopt the reasoning of the Report and Recommendation, in which the Magistrate Judge reached the opposite conclusion. In holding that the *Martinez/Trevino* exception does not apply, the Magistrate Judge relies on language from *Martinez* that the exception applies only when "the State bar[s] the defendant from raising the claims on direct appeal."[74] This is no longer the case under the Supreme Court's expansion of the *Martinez* exception in *Trevino* and under the Fifth Circuit's decision in *Coleman*.

The Report and Recommendation cites *Holmes v. Cooper*, a pre-*Trevino* case in which a magistrate judge in this Court considered the applicability of the *Martinez* exception to a case like the instant case, in which a federal habeas petitioner raised a claim for ineffective assistance of trial counsel in connection with a Louisiana habitual offender proceeding.[75] The state post-conviction appellate court in *Holmes*, like the Louisiana Supreme Court on post-conviction review in the instant case, found the petitioner's claim was barred under article 930.3, *Melinie*, and *Thomas*.[76] The *Holmes* court found the *Martinez* exception does not permit a federal habeas petitioner to establish cause for procedurally defaulting a claim for ineffective assistance of trial counsel in connection with a habitual offender proceeding.[77] In holding the exception did not apply, the

---

[73] *See Trevino*, 569 U.S. at 423.
[74] R. Doc. 12 at 15 (quoting *Martinez*, 566 U.S. at 17).
[75] No. CIV.A. 12-1350, 2013 WL 694073 (E.D. La. Jan. 22, 2013) (Wilkinson, J.), *report and recommendation adopted,* No. CIV.A. 12-1350, 2013 WL 695352 (E.D. La. Feb. 26, 2013) (Barbier, J.).
[76] *Id.* at *3.
[77] *Id.* at *11–12.

12

magistrate judge in *Holmes*, like the magistrate judge in the instant case, relied on language in *Martinez* limiting the exception to cases in which "the State bar[s] the defendant from raising the claims on direct appeal."[78] After *Trevino*, the *Martinez* exception is no longer limited to cases in which a state actually bars a defendant from raising an ineffective assistance of trial counsel claim on direct appeal.[79] Instead, the *Martinez* exception applies in any case in which there was no meaningful opportunity for a defendant to raise an ineffective assistance of trial counsel claim on direct appeal. This Court finds *Holmes* not to be persuasive in light of the Supreme Court's decision in *Trevino*.

The Report and Recommendation also relies on *Hughes v. Keith*[80] and *Williams v. Strain*,[81] district court opinions that, although decided after *Trevino*, do not address the impact of *Trevino* on the procedural default of claims for ineffective assistance of trial counsel in connection with habitual offender proceedings. The Court also notes that *Hughes* and *Williams* were decided before the Fifth Circuit held, in *Coleman v. Goodwin*, that Louisiana's procedural system does not afford defendants a meaningful opportunity to raise claims of ineffective assistance of trial counsel on direct appeal. *Hughes* and *Williams* are no longer applicable in light of the Supreme Court's holding in *Trevino* and the Fifth Circuit's holding in *Coleman v. Goodwin*.

---

[78] *Id.* at *10 (quoting *Martinez*, 566 U.S. at 17).
[79] *See generally Trevino*, 569 U.S. at 423.
[80] No. CIV.A. 12-2841, 2014 WL 67587, at *12–13 (E.D. La. Jan. 8, 2014). The Fifth Circuit affirmed, *sub nom. Hughes v. Morgan*, but on the grounds that the petitioner failed to brief his argument adequately. 647 F. App'x 292 (5th Cir. 2016) (unpublished).
[81] No. CIV.A. 13-2998, 2014 WL 5305634, at *7–9 (E.D. La. Oct. 15, 2014).

## D. Petitioner's Ineffective Assistance Claim Is Not Substantial

In order to establish cause for a procedural default of a claim for ineffective assistance of trial counsel under the *Martinez/Trevino* exception, Petitioner also must show his claim is substantial, meaning he "must demonstrate that the claim has some merit."[82] Petitioner has not done so. On the waiver of rights in connection with Petitioner's multiple bill, he signed his initials showing he understood he gave up his rights to plead not guilty and to have a hearing at which the district attorney would have to prove (1) he was the person with the felony record; (2) less than 10 years had passed since the completion of his sentence for the prior felony; and (3) if a predicate offense was the result of a guilty plea, that guilty plea was knowingly and voluntarily entered.[83] Petitioner also signed his initials showing he understood the sentencing range as a multiple offender is 10–40 years and his sentence would be 10 years.[84] He initialed he was satisfied with his attorney, he was not "forced, coerced, or threatened" to enter the plea, and he understood the legal consequences of pleading guilty.[85]

The transcript of Petitioner's sentencing hearing also shows he was aware of his rights and knowingly waived them.[86] He testified he signed and initialed the multiple bill and that he read the document, understood it, had the document explained to him by his attorney, and understood what his attorney told him.[87] He also testified he understood that, if he were to plead not guilty, the district attorney would have to prove (1) he was the person with the felony record; (2) less than 10 years had passed since the completion of

---

[82] *See Martinez*, 566 U.S. at 14.
[83] R. Vol. 1, Waiver of Rights.
[84] *Id*.
[85] *Id*.
[86] R. Vol. 3, Transcript of Sentencing at 4–10.
[87] *Id*. at 11–13.

14

his sentence for the prior felony; and (3) if a predicate offense was the result of a guilty plea, that guilty plea was knowingly and voluntarily entered.[88]

In his petition and his objections, the only grounds on which Petitioner bases his claim of ineffective assistance of counsel in connection with his habitual offender proceeding is that the State did not prove the prior felonies.[89] He does not address the fact that he knowingly waived the right to a hearing at which the State would be required to prove the existence of his prior felonies. Petitioner does not argue that he was not, in fact, convicted of the prior felonies. He also fails to allege a specific deficiency in his representation, other than a general statement that "Defense counsel should conduct a prompt investigation of the circumstances of the case."[90] As a result, this Court finds Petitioner has failed to establish his claim for ineffective assistance of counsel is substantial. He has failed to demonstrate cause sufficient to excuse the procedural default of his claim.

### E. Prejudice

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown.[91] Because Petitioner has failed to show cause, this Court need not determine whether prejudice existed.

## III. Fundamental Miscarriage of Justice

A federal habeas petitioner also may be excepted from the procedural default doctrine "if imposition of such a bar would constitute a 'miscarriage of justice.'"[92] To support such a finding, the petitioner must "establish[] that under the probative evidence

---

[88] *Id.* at 13–14.
[89] R. Docs. 3, 16.
[90] R. Doc. 16, at 1–2.
[91] *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982)).
[92] *Hogue v. Johnson*, 131 F.3d at 497 (quoting *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992)).

he has a colorable claim of factual innocence."[93] Petitioner did not argue in his petition that he has a claim of factual innocence.[94] The magistrate judge found Petitioner did not present any evidence to support such a finding.[95] Petitioner did not object to this portion of the Magistrate Judge's finding.[96] The Court finds the Magistrate Judge's finding is not clearly erroneous or contrary to law[97] and adopts it as its own. The "fundamental miscarriage of justice" exception to the procedural default doctrine does not apply in this case.

## CONCLUSION

For the reasons above, **IT IS ORDERED** that the petition of Jerome Gibson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is hereby **DISMISSED WITH PREJUDICE**.[98]

**New Orleans, Louisiana, this 20th day of December, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[93] *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).
[94] R. Doc. 3-1.
[95] R. Doc. 15.
[96] R. Doc. 16.
[97] *Id.*
[98] The Court declines to adopt the reasoning of the Magistrate Judge's Report and Recommendations with respect to the applicability of the Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013).